247 So.2d 769 (1971)
Kathryn CAVENAUGH and Robert Cavenaugh, Appellants,
v.
The SOUTH BROWARD HOSPITAL DISTRICT, a Political Subdivision of the State of Florida, D/B/a Memorial Hospital and the Aetna Casualty & Surety Company, a Hartford, Connecticut Corporation, and Ellen Hubbard, Appellees.
No. 70-770.
District Court of Appeal of Florida, Fourth District.
May 14, 1971.
*770 Sheldon J. Schlesinger and Henry L. Kaye, of Simons & Schlesinger, Hollywood, for appellants.
Patrick N. Chidnese and Borden R. Hallowes, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Fort Lauderdale, for appellees.
WALDEN, Judge.
Plaintiff, Mrs. Cavenaugh, went to the defendant hospital for emergency medical treatment. She fell off the hospital stretcher and broke her hip. She sued the hospital, its insurance carrier and the nurse in charge for malpractice. The trial court entered final summary judgment in favor of defendants. Plaintiffs appeal. We reverse.
The fine strictures and limitations that attend summary judgment dispositions are known. Such procedure should not have been employed here inasmuch as there were genuine issues as to material facts which precluded summary treatment.
There were contradictions. Using the evidence and inferences favorable to Mrs. Cavenaugh, we shortly extract and record that she was 69 years of age and had a history of heart trouble and unstable personality traits.
On February 6, 1968, she suffered acute chest pains and went to the hospital's emergency room for treatment. Her physician was called and he ordered an EKG and the administration of two drugs, phenaphen and talwin. After treatment she was removed to an empty and unattended holding room which was a distance from the nursing station and left there lying supine on a hospital stretcher, which had no sides or rails. Although the room had four beds she was left on the stretcher and there was no call button, bell or other signal device available to plaintiff.
Her physician testified:
"I personally think that she should not have been placed in a room far from the nursing station.
"Q. Why Doctor?
"A. She certainly should have had a bell, she should have had something to warn them, because the medications given would have definitely dulled her sensations so that she wasn't perfectly alert.
"Q. Would this have been as far as your knowledge is concerned standard emergency room procedure and treatment of a lady in Mrs. Cavenaugh's condition?
"A. No. I don't think I would have permitted her to be so far away from the nurse's station." (Emphasis supplied.)
One hour and fifty minutes elapsed from the time she was placed in the holding room until she fell. She testified that during the period no one was ever in the room with her. She testified that she needed to go to the bathroom and called several times for a nurse and for assistance, but to no avail. With this, she attempted to go to the bathroom unassisted, fell from the stretcher and broke her hip.
From the foregoing we believe that the trial court acted incorrectly in deciding as a matter of law that the defendants were not guilty of negligence. Sprick v. North Shore Hospital Incorporated, Fla.App. 1960, 121 So.2d 682.
*771 The judgment here appealed is reversed and the case remanded for proceedings consistent herewith.
Reversed and remanded.
REED and OWEN, JJ., concur.